```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DOMINION ENERGY TRANSMISSION, INC.,**

      **Plaintiff,**

**v.**                                      **CIVIL ACTION NO. 1:18CV25**
                                                       **(Judge Keeley)**

**2.21 ACRES OF LAND, MORE OR LESS, IN**
**DODDRIDGE COUNTY, WEST VIRGINIA, ET AL.,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S**
**UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 83]**

The plaintiff, Dominion Energy Transmission, Inc. ("Dominion"), previously obtained immediate access to and possession of certain temporary and permanent easements that it had sought to condemn in order to construct a natural gas pipeline (Dkt. No. 29). Dominion has moved for summary judgment on the amount of just compensation due for the portions of this property owned by the remaining defendants, including Miranda Dawn Richardson; Jon T. Wilby; the Unknown Heirs, Successors, and Assigns of Leona Meredith; the Unknown Heirs, Successors, and Assigns of Ronald Allis Meredith; the Unknown Heirs, Successors, and Assigns of Frederick Lambert Strother; the Unknown Heirs, Successors, and Assigns of Lloyd Sward Strother; the Unknown Heirs, Successors, and Assigns of Earl W. Meredith; and Any Unknown Owners (collectively, "the Defendants") (Dkt. No. 83).

**DOMINION V. 2.21 ACRES, ET AL.** 1:18CV25

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 83]**

For the reasons that follow, the Court **GRANTS** the unopposed motion (Dkt. No. 83).

### I. BACKGROUND[1]

On October 13, 2017, the Federal Energy Regulatory Commission ("FERC") granted a Certificate to Dominion authorizing construction of 37.5 miles of natural-gas pipeline in West Virginia ("the Project") (Dkt. No. 1-2 at 7).[2]

On February 5, 2018, Dominion sought to exercise that authority over certain property located in the Northern District of West Virginia that it had been unable to acquire by agreement. It did so by filing a complaint pursuant to the NGA and Fed. R. Civ. P. 71.1 (Dkt. No. 1). As required by Rule 71.1(c)(2), Dominion included a description of the property, as well as the interests to be taken (Dkt. Nos. 1 at 5-8; 1-4).

On February 6, 2018, Dominion sought partial summary judgment as to its right to condemn the subject property (Dkt. No. 3). It also sought a preliminary injunction allowing it to

---

[1] As it must, the Court recites the facts in the light most favorable to the non-moving parties. See Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000).

[2] Citations to the FERC Certificate reference pagination of the FERC Certificate itself rather than CM/ECF pagination.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 83]**

possess the easements (Dkt. No. 4). After the Court conducted an evidentiary hearing, it granted Dominion's motion for order of condemnation and for preliminary injunction on March 2, 2018, thereby authorizing Dominion to condemn and obtain immediate access to and possession of the subject property (Dkt. No. 29).

On April 2, 2019, Dominion moved for summary judgment on the remaining issue of just compensation owed to the Defendants (Dkt. Nos. 83, 84). Despite being served a Roseboro Notice (Dkt. Nos. 85, 86, 87), the Defendants have not responded to Dominion's motion. Accordingly, Dominion's motion is ripe for disposition.[3]

**II. STANDARD OF REVIEW**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[3] Although Dominion's motion for summary judgment is unopposed, the Court is nevertheless required to thoroughly analyze the issue of just compensation. Robinson v. Wix Filtration Corp., 599 F.3d 403, 409 n.8 (4th Cir. 2010) ("[I]n considering a motion for summary judgment, the district court '*must* review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" (emphasis in original) (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993))).

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square, 211 F.3d at 850. The Court must avoid weighing the evidence or determining its truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

### III. DISCUSSION

The question at issue is the amount of just compensation due to the Defendants for their respective interests in the property taken by Dominion (Dkt. No. 84 at 1-2).

"'Just compensation' is that amount of money necessary to put a landowner in as good a pecuniary position, but no better, as if his property had not been taken." <u>United States v. 69.1 Acres of Land, More or Less, Situated in Platt Springs Twp., Cty. of Lexington, State of S.C.</u>, 942 F.2d 290, 292 (4th Cir. 1991). "[I]t is well settled that in the event of a 'partial taking' – *i.e.*, a case in which the [condemnor] has taken one part of a larger tract, leaving the remainder to the landowner – the measure of just compensation is the difference between the fair and reasonable market value of the land immediately before the taking and the fair and reasonable market value of the portion that remains after the taking." <u>United States v. Banisadr Bldg. Joint Venture</u>, 65 F.3d 374, 378 (4th Cir. 1995). When a taking is temporary in nature, because it involves a temporary work space, "the value of the taking is what rental the marketplace would have yielded for the property taken." <u>Banisadr Bldg. Joint Venture</u>, 65 F.3d at 378.

Generally, "the property owners bear the burden of proving the fair market value at trial." Hardy Storage Co., LLC v. Prop. Interests Necessary to Conduct Gas Storage Operations, No. 2:07-cv-5, 2009 WL 689054, at *3 (N.D. W. Va. Mar. 9, 2009) (citing United States ex rel. and for Use of Tenn. Valley Auth. v. Powelson, 319 U.S. 273-74 (1943)). However,

> [i]f the condemnor is the only party to admit evidence to the Court of the value of the real property taken, the Court may use that evidence to determine the just compensation of the property and enter default judgment against defendant landowners and award the defendants their just compensation as determined by the condemnor.

Atl. Coast Pipeline, LLC v. 1.52 Acres, No. 3:17-cv-814, 2019 WL 148402, at *7 (E.D. Va. Jan. 9, 2019). So too here. Because the Defendants have not appeared, answered, or otherwise defended this case, the Court may consider Dominion's undisputed evidence in order to determine just compensation. Id.

**A. Just Compensation for the Defendants**

According to Dominion's expert and certified appraiser, Wesley D. Woods ("Woods"), the property at issue is comprised of 16.40 total acres of land (Dkt. No. 84-1 at 3). This tract is encumbered by a permanent pipeline easement totaling 0.99 acres

and a temporary workspace easement totaling 1.22 acres. Id. As of the date of the taking, February 5, 2018, Woods determined that the total value of the permanent pipeline easement was $3,564.00, and the total rental value of the temporary easement was $2,440.00, for a total value of $6,004.00. Id.

Because the Defendants own only a 0.0793650794% interest in the underlying property, they are entitled to 0.0793650794% of $6,004.00, or $476.51 (0.0793650794 X $6,004.00 = $476.51).[4]

**B. Prejudgment Interest**

The Defendants are also entitled to prejudgment interest on the amount of just compensation from the date of the taking, February 5, 2018, to the date of the judgment, January 10, 2020. See United States v. Eltzroth, 124 F.3d 632, 638 (4th Cir. 1997) ("The date of taking 'fixes the date as of which the land is to be valued and the Government's obligation to pay interest

---

[4] The Court declines Dominion's request to award the Defendants only nominal damages (Dkt. No. 84 at 7) because there is no evidence to suggest that the temporary and permanent easements here involve vacant and abandoned property. See Columbia Gas. Transm., LLC v. An Easement to Construct, Operate and Maintain a 20-inch Gas Transm. Pipeline Across Props. in Allegheny Cty. Pa, No. 17-1191, 2018 WL 348844, at *6 (W.D. Pa. Jan. 10, 2018) (finding nominal damages appropriate "where the easements [were] . . . minimal [in] size and scope and over vacant and abandoned property").

accrues.'" (quoting United States v. Dow, 357 U.S. 17, 22 (1958))).

Federal law leaves to the Court's discretion the appropriate procedure to determine what rate of interest applies. See Washington Metro. Area Transit Auth. v. One Parcel of Land in Montgomery Co., Md., 706 F.2d 1312, 1322 (4th Cir. 1983) ("The choice of an appropriate rate of interest is a question of fact, to be determined by the district court . . . ."). Judges in the District have previously observed that, "in order to make the injured parties whole, the prejudgment interest should reflect the injured party's borrowing costs." Dijkstra v. Carenbauer, No. 5:11-CV-152, 2015 WL 12750449, at *7 (N.D. W. Va. July 29, 2015) (Bailey, J.) (quoting Zerkel v. Trinity Resources, Inc., 2013 WL 3187077, at *2 (N.D. W. Va. June 20, 2013) (Stamp, J.)).

Applying this principle, the rate at which prejudgment interest is to be calculated should reflect the rate best representing the Defendants' borrowing cost during the period of the loss of use of the monies owed. To determine this, the Court will apply the average federal interest rate from February 2018. During that time, the federal interest rates for marketable interest-bearing debt averaged 2.17%. TreasuryDirect.gov,

Average Interest Rates, February 2018 https://www.treasurydirect.gov/govt/rates/pd/avg/2018/2018_02.htm (last visited Jan. 10, 2020). Accordingly, the Court will award prejudgment interest on the amount of just compensation, from February 5, 2018, to January 10, 2020, to be calculated at the rate of 2.17% per annum.

### IV. CONCLUSION

For the reasons discussed, the Court:

- **GRANTS** Dominion's unopposed motion for summary judgment (Dkt. No. 83); and

- **DIRECTS** Dominion to pay $476.51 to the Defendants, plus prejudgment interest on this amount at the rate of 2.17% per annum.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and enter a separate judgment order in favor of Dominion. It further **DIRECTS** Dominion to provide copies of both Orders to the Defendants and file proof of service with the Court.

DATED: January 10, 2020

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE